UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHEN A. PAULL, ) | Chapter 11 |
| ) | Case No. 09-14905-JNF |
| Debtor. ) | |

**APPLICATION OF STEPHEN A. PAUL FOR ORDER
AUTHORIZING THE EMPLOYMENT OF BRADFORD M.
TIGHE AND THE REAL ESTATE FIRM OF TIGHE AND BALDWIN
REALTY INC. D/B/A CORPORATE REALTY ASSOCIATES**

Stephen A. Paull (the "Debtor"), by and through undersigned counsel, respectfully submits the Application of Stephen A. Paul for Order Authorizing the Employment of Bradford M. Tighe and the brokerage firm of Tighe and Baldwin Realty, Inc. d/b/a Corporate Realty Associates (collectively, the "Brokers") (the "Application"). The Application is submitted in accordance with 11 U.S.C. Section 327, Federal Rule of Bankruptcy Procedure 2014(a), and MLBR 2014-1 and 6005-1. In support of the foregoing , the Debtor states the following:

1. The Debtor is the sole beneficiary of Bake Realty Trust ("BRT"). BRT is the record title owner of real property located at 95,Turnpike Street, West Bridgewater Massachusetts. The Debtor owns in his individual capacity residential real properties contiguous with 95 Turnpike Street located at 123, 129 and 147 Turnpike Street, West Bridgewater, Massachusetts (each and together, the "Turnpike Street Properties"). The Debtor has instructed the Brokers to market the Turnpike Street Properties as one sale package, including some of the personalty of a related estate as described more fully in footnote 2 below.

2. The Debtor is vested by virtue of 11 U.S.C. Sections 363(b)(1) and 1107 with the right to sell the property as one means to fund his Chapter 11 plan. The Debtor has determined that the sale of the Turnpike Street Properties--as opposed-to–keeping them for use by a reorganized debtor makes the most sense from an economic standpoint.

3. The Brokers are prepared to show the Turnpike Street Properties to potential buyers and are prepared to advertise same at their own expense, show them to interested parties, and advise the Debtor with respect to obtaining the highest and best offers available in the present market.[1]

4. The Listing Agreement reflects an original listing price of listing price of at $3,500,000. All concerned believe that this price may be high given current market conditions, but there is already considerable interest in the Turnpike Street Properties, in part, because of the news that bids for Route 24 paving are being solicited and the Turnpike Street Properties are situated in an ideal spot for contractors who might find themselves working on that project.

5. If a buyer is found and no co-broker is involved, the Brokers seek a commission of 5% of the gross sales price of the Turnpike Street Properties[2], which commission shall be paid

---

[1] The listing agreement was executed prepetition on or about April 13, 2009. The Property has been shown prepetition and postpetition to prospective purchasers, but no formal offers have been generated.

[2] The Turnpike Street Properties have on their physical premises various piles of asphalt, gravel, sand concrete products, and the like (the "Stone Inventory"). The Stone Inventory is owned by the corporate debtor, Stephen Ando Paull Contractors, Inc. (" SAPCO") and *not* the Debtor in the instant proceeding. The Stone Inventory is subject to the security interest of South Shore Savings Bank and other junior lienholders. The trustee in SAPCO, Warren E. Agin (the "Trustee"), filed a notice of abandonment on June 30, 2009 regarding the SAPCO estates' interests in equipment and inventory, *inter alia*, the Stone Inventory. Assuming that the Trustee does not change his position with respect to the abandonment of the Stone Inventory and/or there are no objections sustained as to the notice of abandonment, the Stone Inventory will no longer be part of the SAPCO bankruptcy estate. In this event the Stone Inventory will most likely be sold through a secured party sale, or similar mechanism, in conjunction with a notice of intended sale in the instant proceeding. In the likely event that a sale of the Turnpike Street Properties includes the Stone Inventory the sale price for the real property *and* the stone inventory taken as a whole shall be the figure upon which the Brokers' commission shall be based. The Brokers have been made aware that any

at the closing for that property, without further order of this Court, unless subject to any restrictions set forth in Note 2 *supra*, if applicable. In the event that the Turnpike Street Properties are sold thorough a co-broker, the total commission shall increase to 6%. The Brokers may split the commission or otherwise co-broker the Turnpike Street Properties if they believe that such an arrangement would be advantageous to the bankruptcy estate. A copy of the Exclusive Listing Agreement has been annexed to the Brokers's affidavit (as Exhibit "A") and the terms and conditions of it are incorporated herein by reference.[3]

6.  The payment of the Commission will not interfere with the Debtor's intention to present a plan of reorganization

7.  The Brokers have been informed and understand that no sale may be consummated until after a notice of intended sale has been provided to the creditors and parties in interest and this Court has approved a motion for authority to sell the Turnpike Street Properties.

8.  The Debtor believes and therefore alleges that the employment of the Brokers

---

party that may chose to contest this on some alternate allocation or apportionment theory may certainly do so in this Court and that the result could be that the instant estate be required to bear the burden of a portion of the commission based on the real property sales price only (apart from the Stone Inventory) and the secured party seller may be required to bear the balance based on the sales price of the Stone Inventory, or the Court may so determine. The Debtor and the Brokers agree that any objections to the Brokers' commission including, without limitation, the inclusion of the Stone Inventory sales price in the res upon which the commission is to be calculated, are reserved until after the conclusion of the Debtor's sale of the Turnpike Street Properties

[3] While the Debtor recognizes the exclusive right to sell provision contained in the Listing Agreement and that the Proposed Brokers have done extensive work market the Turnpike Street Properties prepetition, the Debtor and the Brokers agree that if, per chance, a successful buyer or bidder (in the event of a sealed bid auction in this court) makes an offer or bids, as the case may be, and it is shown that the successful offeror or bidder made such offer or bid *without* knowledge of or influence from the marketing efforts of the Brokers, the Court may be asked to determine whether or not the Brokers are entitled to some, all or none of the commission. The Brokers agree with this caveat, but reserve all rights to advocate their position in this Court.

on the terms and conditions provided for herein is in the best interest of the estate and is necessary for the success of this case, which he expects will ensure that the confirmed plan will be completed.

9. The Debtor is satisfied from the Affidavit of Tighe, in support of this Application that CRA and its employees are disinterested persons within the meaning of 11 U.S.C. Section 101(14).

10. The Brokers are aware of the provisions of 11 U.S.C. Section 328(a) and MLBR 2016-1 and have agreed, notwithstanding the terms and conditions of employment herein set forth, that this Court may order compensation different from the compensation provided herein if such terms and conditions prove to have been improvident in light of developments that could not be anticipated at the time of the fixing of such terms and conditions.

WHEREFORE, the Debtor respectfully requests that this court enter an order (i) approving the employment of Bradford M. Tighe and CRA as Brokers for Stephen A. Paull; and (ii) affording any such other relief as may be due and proper.

Respectfully submitted,
STEPHEN A PAULL,
By his attorney,

/s/ Alexander L. Cataldo

Dated:  July 9, 2009

_____
Alexander L. Cataldo
(BBO No. 548659)
Alexander L. Cataldo, P.C.
894 Main Street
Norwell, MA 02061-2316
Tel.    (781) 659-4849
Fax:   (781) 659-7801
E-mail: ALCPC@VERIZON.NET

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | |
| STEPHEN A. PAULL, ) | Chapter 11 |
| ) | Case No. 09-14905-JNF |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE:**

    I, Alexander L. Cataldo, an attorney at the firm of Alexander L. Cataldo, P.C., hereby certify that on July 9, 2009, I caused the Application of Stephen A. Paul for Order Authorizing the Employment of Bradford M. Tighe and the brokerage firm of Tighe and Baldwin Realty, Inc. d/b/a Corporate Realty Associates CRA to be sent via CM/ECF MEDIA TRANSMISSION, E-MAIL or by first -class mail postage prepaid as set forth on the attached service list*:*

    /s/ Alexander L. Cataldo

_____
Alexander L. Cataldo
(BBO No. 548659)
Alexander L. Cataldo, P.C.
894 Main Street
Norwell, MA 02061-2316
Tel.   (781) 659-4849
Fax:   (781) 659-7801
**E-mail: ALCPC@VERIZON.NET**

# SERVICE LIST
**(All parties filing appearances and those
remaining of the 20 Largest Unsecured Creditors not included therein)**

John Fitzgerald, Esq.
USTPRegion01.BO.ECF@USDOJ.GOV

Jerry P. Katz on behalf of Creditor The Community Bank
jkatz@katzargenioandpowers.com, aosowski@katzargenioandpowers.com

Marshall F. Newman on behalf of Creditor South Brockton LLC
mfn@newmanlegal.com, jdamore@newmanlegal.com

Kathleen Rahbany on behalf of Creditor South Shore Savings Bank Daniel Reiser
dreiser@craigmacauley.com

krahbany@craigmacauley.com, craigandmacauley@att.net

Chris Agostino, Esq. And Jonathan Braverman, Esq. On behalf of Holbrook Cooperative Bank
chrisa@bbb-lawfirm.com

Suzanne Riley and Marjorie Butler U.S. Dept. of Labor Brennan.Suzanne@dol.gov
-----------------------------------------------------------------------------------------------------------------------
Warren E. Agin, Esq. Trustee of SAPCO
and successor plan administrator   wea@swiggartagin.com

New England Pension Plan Systems, LLC
790 North Main Street
Providence, RI  02904
ATTN: Office Manager

Center Capital Corporation
c/o Dennis A. Dressler
Dressler & Peters, LLC
111 W. Washington, Suite 1900
Chicago, IL 60602

Andrew M. Osborne, Esq.
Osborne & Fonte                                              Via email
20 Eastbrook Road, Suite 304

2

Center Capital Corp.
3 Farm Glen Blvd.
Farmington, CT 06032

Chase
P.O. Box 15153
Wilmington, DE 19886

Financial Federal Credit, Inc.
1300 Post Oak Blvd., Ste. 1300
Houston, TX 77056

Internal Revenue Service
Special Procedures Function STOP 20800
P.O. Box 9112
Boston, MA 02203

Mass-Conn Equipment, Inc.
C/o Alan M. Cohen, Esq.
550 Worcester Road
Framingham, MA 01702

Massachusetts. Dept. of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114

Massachusetts. Div. of Unemployment Assistance
Bankruptcy Unit, 5th Floor, ATTN.: Chief
19 Staniford Street
Boston, MA 02114

New England Pension Plan Systems, LLC.
790 North Main Street
Providence, RI 02904

North American Specialty Insurance Co.
1200 Arlington Heights Road
Itasca, IL 60143

Putnam Leasing Company
300 Main Street, 6th Floor
Stamford, CT 06901

Rockland Trust
288 Union Street
Rockland, MA 02370

TD Banknorth, NA
370 Worcester Street
Worcester, MA 01608

Wells Fargo Equipment Finance, Inc.
1540 West Fountainhead Parkway
Tempe, AZ 85282