UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHEN A. PAULL, ) | Chapter 11 |
| ) | Case No. 09-14905-FJB |
| Debtor. ) | |

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHEN ANDO PAULL, ) | Chapter 7 |
| CONTRACTORS, INC. ) | Case No. 08-10428-FJB |
| Debtor. ) | |

**JOINT MOTION OF STEPHEN A. PAULL AND WARREN E. AGIN, TRUSTEE OF THE ESTATE OF STEPHEN ANDO PAULL CONTRACTORS, INC., SEEKING AN ORDER AUTHORIZING THE INTENDED PRIVATE SALE OF ESTATE PROPERTY FROM TWO SEPARATE BANKRUPTCY ESTATES FREE AND CLEAR OF LIENS**

TO THE HONORABLE Frank J. Bailey, U.S. Bankruptcy Judge:

Stephen A. Paull, debtor ("Paull"), in the Chapter 11 case no. 09-14905-FJB, and Warren E. Agin, the duly-appointed Chapter 7 trustee (the "Trustee") in the Chapter 7 case of Stephen Ando Paull Contractors, Inc. ('SAPCO') case no. 08–10428-JNF, (collectively, the "Joint Sellers"), by their respective counsel, respectfully pursuant to sections 105(a) and 363, of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and MLBR 2002-1, 2002-5 and 6004-1, respectfully requests entry of an order (the "Sale Order") (a) authorizing and approving the sale of the Combined Property (as that term is defined below) to

the Purchasing Trust (also as defined below), or the person(s) or entity(ies) making an otherwise higher and better offer at Auction, free and clear of liens, claims and encumbrances, and (b) waiving the ten (10) day stays under Bankruptcy Rules 6004(h) and 6006(d).[1]

In further support of their request, the Joint Sellers state as follows:

## INTRODUCTION

1.      On May 29, 2009, Paull filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Paull continues to manage his business and financial affairs as debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  Neither a trustee nor an official committee of unsecured creditors has been appointed in Paull's case.

2.      On January 21, 2009, SAPCO filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.   That proceeding subsequently was converted to one under Chapter 7 of the Bankruptcy Code.  The Trustee was appointed as Chapter 7 trustee and continues as trustee.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief requested herein are sections 105(a) and 363, of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and 9014 and MLBR 2002-1, 2002-5 and 6004-1.

---

[1] On November 3, 2009, this Court entered orders approving: (a) the *Motion of Stephen A. Paull Seeking An Order Procedurally Consolidating Proceedings Relating To The Sale Of Certain Assets In The Matters Of Stephen A. Paull And Stephen Ando Paul Contractors, Inc.*; and (b) the *Motion Of Warren E. Agin, Chapter 7 Trustee Of Stephen Ando Paull Contractors, Inc. Seeking An Order Procedurally Consolidating Proceedings Relating To The Sale Of Certain Assets In The Matters Of Stephen A. Paull And Stephen Ando Paul Contractors, Inc*.  In accordance thereof, the hearing(s) set on these matters will be held simultaneously before the Honorable Frank J. Bailey.

# RELIEF REQUESTED

5.  By this Motion, the Joint Sellers respectfully requests entry of the Sale Order: (a) authorizing and approving the sale of the Combined Property (as that term is defined below) to the Purchasing Trust (also as defined below), or the person(s) or entity(ies) making an otherwise higher and better offer at Auction, free and clear of liens, claims and encumbrances, and (b) waiving the ten (10) day stays under Bankruptcy Rules 6004(h) and 6006(d).

*The Proposed Sales*

6.  By virtue of the *Joint Notice Of Intended Private Sale Of Estate Property From Two Separate Bankruptcy Estates, Solicitation Of Counteroffers, Deadline For Submitting Objections And Higher Offers And Hearing Date* (the "Joint Notice of Sale") the Joint Sellers intend to sell all of their right, title and interest in the following:

(1) **Case No. 09-14905-FJB**: Real property consisting of: (a) four parcels of land located at 95, 123, 129 and 147 Turnpike Street, West Bridgewater, Massachusetts 02379, as more particularly described in the purchase and sale agreement, dated October 23, 2009 (the "Land") (the "Purchase and Sale Agreement"); (b) the buildings (the "Buildings"), structures, and improvements situated on the Land, including the fixtures, machinery, and equipment owned by Paull and attached to the Buildings or such other structures or improvements (including the above-ground 5,000 gallon, more or less, diesel fuel storage tank/fueling station with two pumps) (collectively, the "Improvements"); (c) all right, title, and interest of Paull in and to any easements or rights of way appurtenant to the Land, if any; and (d) all right, title, and interest of Paull in and to the "Leases" as defined in the Purchase and Sale Agreement (collectively, the "Paull Real Property").

**(2) Case No. 08-10428-FJB**: Certain personal property owned by SAPCO and located on the Land, consisting of piles of dirt, rock, gravel and other mixed debris, including sand, loam, concrete, granite and asphalt (the "SAPCO Piles").

The Paull Real Property and the SAPCO Piles shall from time to time be referred to collectively herein as, the "Combined Property".

7.  On information and belief, the holders of liens or interest in the Combined Property are as follows:

**95 Turnpike Street**: (i) South Shore Savings Bank ; (ii) Rock Meadow LLC; (iii) Wells Fargo Equipment Finance, Inc.; (iv) Holbrook Cooperative Bank; (v) the

Massachusetts Department of Revenue (lien 1 of 2); and (vi) the Massachusetts Department of Revenue (lien 2 of 2).

**123 Turnpike Street**: (i) South Shore Savings Bank; (ii) Mass-Conn Equipment, Inc.(execution); (iii) Gatehouse Media Massachusetts I, Inc.(execution); (iv) the Internal Revenue Service; (v) Mass-Conn Equipment, Inc.; (v) Town of West Bridgewater (taking); (vi) Holbrook Cooperative Bank (vii) the Massachusetts Department of Revenue (lien 1 of 2).; (viii) the Massachusetts Department of Revenue (lien 2 of 2); (ix) Wells Fargo Equipment Finance, Inc.; and (x) South Shore Savings Bank (judicial lien).

**129 Turnpike Street**: (i) South Shore Savings Bank; (ii) Gatehouse Media Massachusetts I, Inc.; (iii) the Internal Revenue Service; (iv) Town of West Bridgewater (taking); (v) Massachusetts-Conn Equipment, Inc.; (vi) Wells Fargo Equipment Finance; (vii) Massachusetts-Conn Equipment, Inc. (Execution); (viii) South Shore Savings Banks (judicial lien); (ix) the Massachusetts Department of Revenue (lien 1 of 2); and (x) the Massachusetts Department of Revenue (lien 2 of 2).

**147 Turnpike Street**: (i) South Shore Savings Bank; (ii) Massachusetts-Conn Equipment, Inc.; (iii) Gatehouse Media Massachusetts I, Inc.(execution); (iv) Wells Fargo Equipment Finance, Inc.; (v) Town of West Bridgewater (taking); (vi) Holbrook Cooperative Bank; (vii) Mass-Conn Equipment, Inc. (execution); (viii) South Shore Savings Bank (judicial lien); (ix) the Massachusetts Department of Revenue (lien 1 of 2); (x) the Internal Revenue Service; and (xi) the Massachusetts Department of Revenue (lien 2 of 2).

**SAPCO Piles**: in apparent order of priority (i) South Shore Savings Bank; (ii) Holbrook Cooperative Bank; (iii) Financial Federal Credit, Inc.; (iv) North American Specialty Ins. Co., Washington International Insurance Company, and Northamerican Capacity Insurance Company (all at 1200 Arlington Heights Road, Suite 400, Itasca, IL 60143). The SAPCO Piles may also be subject to liens of the Internal Revenue Service and the Massachusetts Department of Revenue, as well as claims of the parties asserting liens against the real estate identified above.

8.    For some number of months, Paull through his appointed counsel, has attempted to sell the Paull Real Property in an effort to reduce his secured debt and thus facilitate his reorganization efforts. In furtherance of such efforts, Paull has sought and obtained court authority to hire a real estate broker – Bradford M. Tighe of Corporate

Realty Associates – who proceeded to actively and aggressively market the Paull Real Property.

9. As the SAPCO Piles exist on portions of the Paull Real Property, it became clear that Paull's intended sale either had to include the SAPCO Piles or account for their, likely very expensive, removal. Seeing an opportunity to bring funds into the SAPCO's estate, the Trustee agreed to participate in Paull's sale process, sell the SAPCO Piles in a separate but contemporaneous sale, and permit Paull to seek global offers for the SAPCO Piles and the Paull Real Property.

10. The efforts of the Joint Sellers bore fruit on September 4, 2009 when John Rudnicki and Frederic Rudnicki, as Trustees of J&F Realty Trust (the "Purchasing Trust") signed an offer to purchase the Combined Property for the sum of One Million Six Hundred Thousand Dollars ($1,600,000). The Joint Sellers and the Purchasing Trust have fully negotiated and executed a Purchase and Sale Agreement (the "Purchase and Sale Agreement") for the Combined Property. Of that sum, $20,000 is apportioned to the sale of the SAPCO Piles.

11. The Joint Sellers believes that the floor established by the Purchase and Sale Agreement, subject to higher and better bids pursuant to a Bankruptcy Court-approved, open auction process pursuant to section 363 of the Bankruptcy Code, affords the Joint Sellers the best opportunity to maximize value creditors and their respective estates with respect to Combined Properties.

12. Bradford Tighe and Baldwin Realty, Inc. d/b/a Corporate Realty Associates are the court-authorized brokers and shall be paid their commission of $80,000 at closing.

The amount of $20,000 of the proceeds received from the sale of the SAPCO Piles will be paid to the Trustee from the sale proceeds subject to South Shore Savings Bank's lien, and the Trustee shall be entitled to retain such amount for the SAPCO bankruptcy estate free and clear of any lien of South Shore Savings Bank. South Shore Savings Bank has assented to this provision.**BASIS FOR RELIEF AND APPLICABLE AUTHORITY**

A.   *The Sale of the Combine Property is Within the Sound Business Judgment of the Joint Sellers and Should be Approved*

13.   The Bankruptcy Code provides for the sale of a debtor's assets out of the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part: "The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Moreover, the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Courts interpreting section 363(b)(1) have approved such sales (including such sales by a debtor-in-possession through the application of section 1107 of the Bankruptcy Code) so long as the decision to sell assets outside the ordinary course of business is based upon the sound business judgment of the debtor, even where substantially all of a debtor's assets were being sold prior to proposal of a plan of reorganization. *In re Lionel Corporation,* 722 F.2d 1063, 1070-71 (2nd Cir. 1983); *In re Baldwin United Corp.,* 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984); In Re Allison, 39 B.R. 300, 301 (Bankr. D.N.M. 1984); *In re St. Petersburg Hotel Association Ltd.,* 37 B.R. 341, 343 (Bankr. N.D. Fla. 1983).

14.   In this case, the Joint Sellers submit that the decision to proceed with the sale of the Combined Property is based upon their respective sound business judgment and should be approved. The Combined Property has been shown to scores of prospective buyers over a number of months. Moreover, the proposed sale to the Purchasing Trust is a cash deal with

relatively minor contingencies. Based on input from the Paull's court-authorized broker, and other reliable sources, the Joint Sellers believes that there will be significant counteroffers and very competitive bidding in open court for the Combined Property. If this prediction is true, both bankruptcy estates benefit incrementally. The Joint Sellers believe Auction of the Combined Property will generate interest and bidding, and the bidding process will yield the highest and best bid for Combine Property. Accordingly, the Joint Sellers believe that the relief sought by this Motion is not only reasonable, but necessary, to maximize the value of the Paull's and SAPCO's assets to the benefit of Paull's reorganization efforts (and thus ultimately his creditors) and the creditors of SAPCO's estate.

15. In compliance with MLBR 6004-1 (a)(2) the Joint Sellers submit that the private sale, as proposed, is clearly in the best interest of the respective bankruptcy estates.

16. The proceeds from the sale are to be first applied to cover reasonable and usual closing costs. The balance of the proceeds shall be held by counsel to Stephen A. Paull and shall be disbursed in accordance with the provisions of this motion, the sale order, applicable law and, if necessary, as further directed by this Court.

**B.** ***The Sale of the Combined Property will Satisfy the Requirements of Section 363(f) of the Bankruptcy Code***

17. The Joint Sellers request authority to sell the Combined Property free and clear of liens, claims, charges, security interests, restrictions and encumbrances of any kind or nature (collectively, "Encumbrances") to the fullest extent permitted by the Bankruptcy Code, with such Encumbrances, if any, to attach to the net proceeds of the Combined Property. Under section 363(f) of the Bankruptcy Code, a debtor-in-possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if one of the following conditions is satisfied: (a) such a sale is permitted under applicable non-bankruptcy law; (b) the

party asserting such lien, claim or interest consents to such sale; (c) the interest is a lien and the purchase price for the property is greater than the aggregate value of all liens on the property; (d) the interest is subject to a bona fide dispute; or (e) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

18.     To the extent necessary, the Joint Sellers expect that they will satisfy one or more of such conditions at the hearing in which approval for the sale of the Combined Property will be sought.

19.     Further, applicable case law provides that section 363(f) of the Bankruptcy Code permits a debtor to sell assets free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances attaching to the net proceeds of the sale. *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) ("[T]he holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of section 363(f) and, therefore, attaches to the proceeds of the sale."); *In re WPRV-TV, Inc.,* 143 B.R. 315, 321 (D.P.R. 1991); *In re Elliot,* 94 B.R. 343, 345 (E.D. Pa. 1988).

## C.     *"Good Faith" under Section 363(m) of the Bankruptcy Code*

20.     The Joint Sellers request that the Court find that the successful bidder for the Combined Property (or any secondary bidder) is entitled to the benefits and protections provided by section 363(m) of the Bankruptcy Code.

21.     Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) and (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

22. Section 363(m) of the Bankruptcy Code thus protects the purchaser of assets sold pursuant to section 363 of the Bankruptcy Code from the risk that it will lose its interest in the Combined Property if the order allowing the sale is reversed on appeal.

23. Although the Bankruptcy Code does not define "good faith," the First Circuit, in *Geylock Glen Corp. v. Community Savings Bank*, has utilized the traditional equitable definition of good faith requiring that a purchaser provide value in good faith, and without knowledge of adverse claims. 656 F.2d 1, 4 (1st Cir. 1981); *Tri-Cran, Inc. v. Fallon (In re Tri-Cran, Inc.),* 98 B.R. 609, 618 (D. Mass. 1989).

24. Here, the sale of the Combined Property will be in good faith. The record made at the hearing for approval of the sale will demonstrate the absence of fraud or collusion in connection with the sale of the Combined Property. As discussed in this Motion, and as will be confirmed at the hearing for approval of the sale, the Purchase and Sale Agreement (or the comparable asset purchase agreement with the successful bidder) will be the culmination of a solicitation and negotiation process in which all parties will be represented by counsel. All negotiations have been and will continue to be conducted on an arms length, good faith basis. With respect to potential bidders, the bid procedures contained in the Joint Sellers *Notice of Sale* are designed to ensure that no party is able to exert undue influence over the process. Moreover, the identities of the parties participating in the bidding will be disclosed to the Joint Sellers, the United States Trustee and the Court, and such bids are subject in all respects to section 363(n) of the Bankruptcy Code. Under the circumstances, the successful bidder (or any secondary bidder) should be afforded the protections that section 363(m) of the Bankruptcy Code provides to a good faith purchaser.

D. *Relief from the Ten (10) Day Stays under Bankruptcy Rules 6004(h) and 6006(d) is Appropriate*

25. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property…is stayed until expiration of 10 days after entry of the order, unless the court orders otherwise." Similarly, Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease…is stayed until the expiration of 10 days after then entry of the order, unless the court orders otherwise." The Joint Sellers request that the Sale Order, upon its entry, be effective immediately by providing that the ten (10) day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

26. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the ten (10) day stay period, one leading commentator suggests that the ten (10) day stay period should be eliminated to allow a sale or other transaction to close immediately "whether there has been no objection to the procedure." 10 *Collier on Bankruptcy* ¶ 6064.09 (15th ed. rev.). Furthermore, the commentator states that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

27. Accordingly, the Joint Sellers hereby requests that the Court waive the ten (10) day stay period under Bankruptcy Rules 6004(h) and 6006(d).

**NOTICE AND PRIOR RELIEF**

28. Notice of this Motion (and exhibits hereto) has been given via electronic mail transmission, facsimile, overnight mail hand delivery or first-class mail to the Office of the

United States Trustee and the top twenty (20) general unsecured creditors of each of Paull and SAPCO. In light of the nature of the relief requested herein, the Joint Sellers submit that no other or further notice is necessary.

29. No previous request for the relief sought in this Motion has been made to this or any other court.

30. The Joint Sellers request that if no objections or counteroffers are timely filed concerning the Joint Notice of Sale that it be allowed without further hearing in accordance with the terms and conditions set forth in the *Notice of Sale*.

WHEREFORE, the Joint Sellers respectfully request that the Court: (i) enter an order, approving the sale of the Combined Property to the Purchasing Trust or any other successful bidder (or secondary bidder) consistent with this Motion; and (ii) granting such further and other relief as the Court deems just and proper.

Respectfully submitted,

STEPHEN A. PAULL,
By his attorney,

Dated: December 1__, 2009        /s/ Alexander L. Cataldo
_____
Alexander L. Cataldo
(BBO No. 548659)
Alexander L. Cataldo, P.C.
894 Main Street
Norwell, MA 02061-2316
Tel.    (781) 659-4849
Fax:    (781) 659-7801
**E-mail: ALCPC@VERIZON.NET**,

-and-

WARREN E. AGIN,
Chapter 7 Trustee,
Stephen Ando Paull Contractors, Inc.
By his attorney,

Dated: December 1, 2009        /s/ Warren E. Agin
_____
Warren E. Agin
BBO No. 554242
Swiggart & Agin, LLC
197 Portland Street
Boston, MA 02114
(617) 742-0110 x203
WEA @swiggartagin.com