UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>STEPHEN A. PAULL,<br><br>Debtor. | Chapter 11<br>Case No. 09-14905-FJB |
| In re:<br><br>STEPHEN ANDO PAULL,<br>CONTRACTORS, INC.<br><br>Debtor. | Chapter 7<br>Case No. 09-10428-FJB |

**ORDER AUTHORIZING SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND OTHER ENCUMBRANCES**

Upon the motion [Docket Nos. 204 and 263] (the "Sale Motion") of debtor Stephen A. Paull ("Paull"), in Chapter 11 case no. 09-14905-FJB, and Warren E. Agin the duly-appointed Chapter 7 trustee (the "Trustee"), in the Chapter 7 case of Stephen Ando Paull Contractors, Inc. ("SAPCO") case no. 09-10428-FJB, (collectively, the "Joint Sellers") seeking, inter alia, entry of an order pursuant to sections 105(a) and 363 of Chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing and approving the sale of the Combined Property to the Purchasing Trust, or the person(s) or entity(ies) making an otherwise higher and better offer at Auction, free and clear of liens, claims and encumbrances, and (b) waiving the fourteen (14) day stay under Bankruptcy Rules 6004(h); and the Sale Motion

having been served as set forth therein; and it appearing that proper and adequate notice of the Sale Motion has been given and that no other or further notice is required; and after due deliberation thereon; and good and sufficient cause appearing therefor,

NOW, THEREFORE, THE COURT HEREBY FINDS THAT[1]:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Notice of the Sale Motion having been given as described above, is timely, adequate, sufficient and proper under the circumstances.

C. Capitalized terms used herein that are not otherwise defined in this Order shall have the meanings ascribed to such terms in the Purchase and Sale Agreement, dated as of October 23, 2009, between the Joint Sellers and the Purchasing Trust, or, if not otherwise defined in the Purchase and Sale Agreement or this Order, the meanings ascribed to such terms in the Sale Motion.

D. The Joint Sellers have sufficiently marketed the Combined Property that is subject to the Purchase and Sale Agreement in good faith under the circumstances to secure the highest and best offer therefor. The terms and conditions set forth in the Purchase and Sale Agreement, and the transactions contemplated thereby, represent fair and reasonable terms and conditions, including the amount of the purchase price, and constitute the highest and best offer obtainable for the Combined Property and are fair and adequate.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

2

E.  An auction was held on December 22, 2009 (the "Auction") in accordance with the bidding procedures contained in the *Joint Notice Of Intended Private Sale Of Estate Property From Two Separate Bankruptcy Estates, Solicitation Of Counteroffers, Deadline For Submitting Objections And Higher Offers And Hearing Date* (the "Bidding Procedures"). Immediately prior to the conclusion of the Auction, the Joint Sellers selected the Purchasing Trust as the successful bidder.

F.  Proper, timely, adequate and sufficient notice of the Bid Procedures, the Auction, the Sale Motion and the hearing on the foregoing has been provided in accordance with sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice is required.

G.  A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for all or any portion of the Combined Property in accordance with the Bid Procedures, have been afforded to all interested persons and entities.

H.  The Bid Procedures afforded a full, fair and reasonable opportunity for any entity to make a higher or otherwise better offer to purchase the Combined Property or portions thereof.

I.  The Joint Sellers and the Purchasing Trust have complied with the Bid Procedures in all material respects or as otherwise approved by this Court. The bidding and auction process was non-collusive, fair and reasonable, conducted in good faith and resulted in the Joint Sellers obtaining the highest available value for the Combined Property.

J.  The Joint Sellers have reasonably exercised their respective sound business judgment in determining (i) to enter into the Purchase and Sale Agreement; and (ii) to sell and transfer the Combined Property to the Purchasing Trust. The relief requested in the Sale Motion

3

is in the best interests of Paull's and SAPCO's estates, their respective creditors and other parties in interest.

K.   The Purchase and Sale Agreement was negotiated, proposed and entered into by the Joint Sellers and the Purchasing Trust without collusion, in good faith and from arm's-length bargaining positions. Neither the Joint Sellers nor the Purchasing Trust has engaged in any conduct that would cause or permit the Purchase and Sale Agreement to be avoided under section 363(n) of the Bankruptcy Code. The Purchasing Trust is not an "insider" or "affiliate" of either Paull or SAPCO (as such terms are defined in the Bankruptcy Code). The Purchasing Trust is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in consummating the transactions contemplated by the Purchase and Sale Agreement. The Purchasing Trust will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Purchase and Sale Agreement at all times after the entry of this Order.

L.   The consideration to be provided by the Purchasing Trust for the Combined Property pursuant to the Purchase and Sale Agreement: (i) is fair and reasonable; (ii) represents the highest and best offer for the Combined Property; and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession and the District of Columbia.

M.   The SAPCO Piles constitutes property of SAPCO's estate and the Paull Real Property constitutes property of Paull's estate within the meaning of section 541(a) of the Bankruptcy Code. Upon the entry and effectiveness of this Order, the Joint Sellers shall have full power and authority to execute and deliver the Purchase and Sale Agreement and all other

4

documents contemplated thereby; and no further consents or approvals will be required for the Joint Sellers to consummate the transactions contemplated by the Purchase and Sale Agreement.

N. With respect to any and all entities asserting any options, pledges, security interests, claims, equities, reservations, third party rights, rights of first refusal, voting trusts or similar arrangements, liens, trusts or deemed trusts (whether contractual, statutory or otherwise), charges, including court-ordered charges, or other encumbrances or restrictions on or conditions to transfer or assignment of any kind (including, without limitation to the generality of the foregoing, restrictions or conditions on or to the transfer, assignment or renewal of licenses, permits, registrations and authorizations or approvals of or with respect to governmental units and instrumentalities), whether direct or indirect, absolute or contingent, matured or unmatured, liquidated or unliquidated, perfected, registered or filed, secured or unsecured, on or against the Combined Property owned by Paull or SAPCO (collectively, the "Encumbrances"), either (i) such entity has consented to the sale and transfer, license and assignment, as applicable, free and clear of its Encumbrance, with such Encumbrance to attach to the proceeds of such sale and transfer, license and assignment, as applicable, respectively, (ii) applicable nonbankruptcy law permits the sale of the Combined Property free and clear of such Encumbrance, (iii) such Encumbrance is in bona fide dispute or (iv) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Encumbrance, so that the conditions of section 363(f) of the Bankruptcy Code have been met. Any claims that could have been asserted with respect to the Joint Sellers, the Purchasing Trust or the Combined Property are deemed satisfied.

O. Upon the closing of the Purchase and Sale Agreement, the sale and transfer of the Combined Property to the Purchasing Trust shall be a legal, valid and effective transfer of the

5

Combined Property to the Purchasing Trust, and shall vest in the Purchasing Trust all right, title and interest in the Combined Property in accordance with the terms and conditions of the Purchase and Sale Agreement free and clear of any Encumbrances including, without limitation, any claims pursuant to any successor or successor-in-interest liability theory, under sections 105(a), and 363(f) of the Bankruptcy Code.

P.  The Purchasing Trust shall not have any liability for any (i) obligation of Paull or SAPCO, or (ii) any claim against Paull or SAPCO related to the Combined Property by reason of the transfer of such Combined Property to the Purchasing Trust. The Purchasing Trust shall not be deemed, as a result of any action taken in connection with the purchase of the Combined Property or otherwise, to: (1) be a successor to Paull or SAPCO; or (2) have, de facto or otherwise, merged with or into Paull or SAPCO. The Purchasing Trust is not acquiring or assuming any liability, warranty or other obligation of Paull or SAPCO.

Q.  The Purchasing Trust would not have entered into the Purchase and Sale Agreement and would not consummate the transactions contemplated thereby if the sale of the Combined Property to the Purchasing Trust or its assignees, was not free and clear of all Encumbrances of any kind or nature whatsoever, or if the Purchasing Trust would, or in the future could, be liable for any of such Encumbrances or other liabilities (such other liabilities or obligations being referred to collectively as the "Successor Liabilities"), including, but not limited to, Encumbrances or Successor Liabilities in respect of the following (the following being referred to collectively as the "Successor Liability Documents, Statutes and Claims"): (1) any employment or labor agreements; (2) all deeds of trust and security interests; (3) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of SAPCO; (4) any other employee,

worker's compensation, occupational disease or unemployment or temporary disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, (l) state workers' compensation laws or (m) any other state or federal benefits or claims relating to any employment with Paull or SAPCO or any predecessors; (5) any products liability or similar claims, whether pursuant to any state or federal laws or otherwise, including, without limitation, asbestos-related claims; (6) reclamation, environmental or other claims or liens arising from conditions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting or contaminating substances or waste) that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq., or similar state statute; (7) any bulk sales or similar law; (8) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; (9) any theory of antitrust; and (10) any common law doctrine of de facto merger or successor or transferee liability, successor-in-interest liability theory or any other theory of successor liability.

  R. The Purchasing Trust does not constitute a successor either to Paull or SAPCO because: (i) except as otherwise set forth in the Purchase and Sale Agreement, the Purchasing

Trust is not expressly or impliedly agreeing to assume any of Paull's or SAPCO's liabilities; (ii) the transactions contemplated by the Purchase and Sale Agreement do not amount to a consolidation, merger or a de facto merger of Paull or SAPCO and the Purchasing Trust; (iii) the Purchasing Trust is not merely a continuation of Paull or SAPCO; and (iv) the transactions contemplated by the Purchase and Sale Agreement are not being entered into fraudulently or in order to escape liability from Paull's or SAPCO's debts.

 S. The Office of the United States Trustee, informally, raised concerns regarding the sale contemplated by the Sale Motion, to wit: what, if any, consideration is to be obtained by the estates of Paull and SAPCO. While the Purchase and Sale Agreement provides for the Trustee to received $20,000 on account of its sale of the SAPCO Piles, that agreement does not discuss what, if any, funds are to be delivered to Paull's estate on account of the sale of the Combined Property to the Purchasing Trust. To alleviate any concerns of the United States Trustee, South Shore Saving Bank ("South Shore"), a creditor holding a first-priority security interest in all assets of SAPCO and the first mortgage on each parcel of the Paull Real Property, has agreed to pay to Paull's estate $75,000 of sale proceeds otherwise due to South Shore on account of its security interest and mortgages in full satisfaction of any costs or expenses of administration that could be imposed on South Shore pursuant to Section 506(c) of the Bankruptcy Code.

 T. All findings of fact and conclusions of law announced by the Court at the hearing in relation to the Sale Motion are hereby incorporated herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

 1. The Sale Motion is GRANTED.

2. The limited objection of the Town of West Bridgewater ("Town") having been withdrawn in light of the Joint Seller's agreement that the Paull Real Property is subject to municipal liens for unpaid real estate taxes and unpaid water bills by Town and that the Town's liens for unpaid real estate taxes and water bills shall attach, in first position, to any proceeds received from the sale of the Paull Real Property. All other objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled are hereby OVERRULED on the merits.

3. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Joint Sellers to sell and transfer the Combined Property to the Purchasing Trust free and clear of any and all Encumbrances in accordance with the terms of the Purchase and Sale Agreement and this Order.

4. The Purchase and Sale Agreement is hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting the Joint Sellers and the Purchasing Trust.

5. The Joint Sellers are authorized, empowered and directed to implement and consummate all of the transactions contemplated by the Purchase and Sale Agreement (each, collectively, a "Sale"), including, without limitation, to sell the Combined Property to the Purchasing Trust, all on the terms and conditions of the Purchase and Sale Agreement, for the purchase price set forth in, and determined in accordance with, the Purchase and Sale Agreement. The Joint Sellers are authorized, empowered and hereby directed to deliver deeds, bills of sale, assignments and other such documentation that may be necessary or requested by the Purchasing Trust in accordance with the terms of the Purchase and Sale Agreement to evidence the transfers required by the Purchase and Sale Agreement.

6. Upon the Closing of the Sale, the Purchasing Trust shall take title to and possession of the Combined Property. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Combined Property shall be free and clear of any and all Encumbrances. All Encumbrances shall attach solely to the proceeds of the Sale with the same validity and priority as they attached to the Combined Property immediately prior to the Closing of the Sale. Of the amount received by the Trustee of the Stephen Ando Paull Corporation estate, such Trustee shall be entitled to retain the amount of $20,000 free and clear of any lien. Moreover, from the remaining sales proceeds, after any payments to Town as discussed above, to be paid to South Shore on account of its security interest and mortgages the sum of $75,000 shall be paid to Paull's estate in full satisfaction of any costs or expenses of administration that could be imposed on South Shore pursuant to Section 506(c) of the Bankruptcy Code and no other costs or expenses of administration shall be imposed on South Shore or its collateral pursuant to Sections 105 and 506(c) of the Bankruptcy Code or any other applicable state of federal law.

7. Effective upon the Closing Date, all persons and entities are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Purchasing Trust, its successors and assigns, or the relevant Combined Property, with respect to any (a) Encumbrance arising under, out of, in connection with or in any way relating to Paull or SAPCO or the Combined Property or (b) Successor Liability, including, without limitation, the following actions:

    a. Commencing or continuing in any manner any action or other proceeding against the Purchasing Trust, its successors, assets or properties;

    b. Enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchasing Trust, its successors, assets or properties;

10

  c. Creating, perfecting or enforcing any lien or other Encumbrance against the Purchasing Trust, its successors, assets or properties;

  d. Asserting any setoff, right of subrogation or recoupment of any kind against any obligation due the Purchasing Trust or its successors;

  e. Commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or

  f. ~~Revoking, terminating or failing or refusing to renew any license, permit or authorization to operate any of the Combined Property or conduct any of the businesses operated with the Combined Property.~~

8. Without limiting the generality of the foregoing, except as otherwise specifically set forth in the Purchase and Sale Agreement, the Purchasing Trust shall not assume or be obligated to pay, perform or otherwise discharge any workers' compensation debts, obligations and liabilities of Paull or SAPCO arising pursuant to state law or otherwise. This Order is intended to be all inclusive and shall encompass, but not be limited to, workers' compensation claims or suits of any type, whether now known or unknown, whenever incurred or filed, which have occurred or which arise from work-related injuries, diseases, death, exposures, intentional torts, acts of discrimination or other incidents, acts or injuries prior to the Closing Date, including, but not limited to, any and all workers' compensation claims filed or to be filed, or reopenings of those claims, by or on behalf of any of the Paull's or SAPCO's current or former employees, persons on laid-off, inactive or retired status, or their respective dependents, heirs or assigns, as well as any and all premiums, assessments or other obligations of any nature whatsoever of Paull or SAPCO relating in any way to workers' compensation liability.

9. In addition, without limiting the generality of the foregoing, except as otherwise specifically set forth in the Purchase and Sale Agreement, the Purchasing Trust shall not assume or be obligated to pay, perform or otherwise discharge any debts, obligations and liabilities of Paull or SAPCO arising pursuant to Paull's or SAPCO's ownership or operation of its facilities

prior to the date of the applicable Closing, including, but not limited to, any Successor Liabilities in respect of the Successor Liability Documents, Statutes and Claims or otherwise. The Purchasing Trust has given substantial consideration under the Purchase and Sale Agreement for the benefit of the holders of Encumbrances. The consideration given by the Purchasing Trust shall constitute valid and valuable consideration for the releases of any potential claims of successor liability of the Purchasing Trust, which releases shall be deemed to have been given in favor of the Purchasing Trust by all holders of Encumbrances against Paull or SAPCO or the Combined Property.

10. The Purchasing Trust is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

11. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately upon entry and the ~~ten~~ fourteen day stay~~s~~ under such rules are hereby waived. 77 /S

12. A Certified Copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel the liens and other Encumbrances of record with respect to the Combined Property.

13. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and conditions of the Purchase and Sale Agreement and the provisions of this Order.

14. This Order shall be binding in all respects upon Paull and SAPCO, their respective estates, all creditors of, and holders of equity interests in, Paull or SAPCO (whether known or unknown), any holders of Encumbrances on the Combined Property, all successors and

assigns of the Purchasing Trust, the Combined Property, the Trustee, and any trustees, if any, subsequently appointed in Paull's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of Paull's case. This Order and the Purchase and Sale Agreement shall inure to the benefit of Paull and SAPCO, their respective estates, their respective creditors, the Purchasing Trust and their respective successors and assigns. The Purchase and Sale Agreement and any related agreement shall not be subject to rejection.

15. This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase and Sale Agreement.

16. Nothing contained in any chapter 11 plan confirmed in Paull's case or the order confirming any such plan or in any other order in Paull's or SAPCO's case (including any order entered after any conversion of Paull's case to a case under chapter 7 of the Bankruptcy Code) shall alter, conflict with or derogate from the provisions of the Purchase and Sale Agreement, any related agreement or the terms of this Order.

17. This Order constitutes authorization under all applicable jurisdictions' versions of the Uniform Commercial Code for the Purchasing Trust to file UCC termination statements with respect to all security interests in or liens on the applicable Combined Property.

18. The failure specifically to include any particular provision of the Purchase and Sale Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase and Sale Agreement be authorized and approved in its entirety.

19. The Purchase and Sale Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Paull's or SAPCO's estates.

20. This Court shall retain jurisdiction over the transactions contemplated in the Purchase and Sale Agreement for purposes of enforcing the provisions of this Order and the Purchase and Sale Agreement.

Dated: Boston, Massachusetts

December 22, 2009

_____
UNITED STATES BANKRUPTCY JUDGE